IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

JAY McCORKLE,

      Plaintiff,

v.                                No. CIV 03-1218 BB/DJS

BILLY W. MOORE, EARNEST C. BECENTI, JR., and HARRY MENDOZA, BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF McKINLEY; STATE OF NEW MEXICO; JOHN BEGAY, JR., as an individual and in his capacity as a New Mexico Peace officer commissioned by the State of New Mexico and as a Special Deputy of the County of McKinley; STEVEN NELSON, as an individual and in his capacity as a New Mexico Peace officer commissioned by the State of New Mexico and as a Special Deputy of the County of McKinley; and the UNITED STATES OF AMERICA,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on the motion of the United States ("Government") to dismiss [#24] Counts II and III of Plaintiff's Complaint for lack of jurisdiction pursuant to Rule 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE. After

reviewing the briefs of counsel and being fully advised on the legal issues, the motion is not well taken and it will be Denied.

## *Discussion*

This case was originally filed in New Mexico State District Court alleging *inter alia*:

> 4.   At all times relevant to this complaint, Defendant John Begay, Jr. (hereafter "Begay") was a lieutenant with the Navajo Tribal Police, and was commissioned by the State of New Mexico to act as a New Mexico peace officer pursuant to NMSA, 1978, § 29-1-11 and to act as a special deputy of McKinley County pursuant to NMSA, 1978, § 4-41-10. Defendant Began is being sued as an individual and in his capacity as a New Mexico peace officer commissioned by the State of New Mexico and in his capacity as a special deputy of the County of McKinley.
>
> 5.   At all times relevant to this complaint, Defendant Steven Nelson (hereafter "Nelson") was a captain with the Navajo Tribal Police, and was commissioned by the State of New Mexico to act as a New Mexico peace officer pursuant to NMSA, 1978, § 29-1-11 and to act as a special deputy of McKinley County pursuant to NMSA, 1978, § 4-41-10. Defendant Nelson is being sued as an individual and in his capacity as a New Mexico peace officer commissioned by the State of New Mexico and in his capacity as a special deputy of the County of McKinley.

The Complaint further alleges that in spite of their deputization as State and County officers, neither the New Mexico State Police nor the McKinley County Sheriff's Office had taken appropriate measures "to ensure that the Navajo Tribal police officers act in a manner which does not violate the constitutional rights of the individuals the officers interact with." (Comp. ¶¶ 6, 7). It further alleges that it is the State and

County deputization which "allowed Begay and Nelson to act under color of State law." (Compl. ¶ 9).

The incident giving rise to the complaint arose at the Pittsburgh and Midway Coal Mine during a strike in May 2000. After a verbal confrontation, Nelson and Begay arrested Plaintiff and charged him with "Obstructing or resisting a peace officer" in violation of NMSA 1978 § 30-22-1. Officer Begay drove Plaintiff to the McKinley County Detention Center and filed a complaint in McKinley County, Magistrate Court which later dismissed the complaint.

The case was removed to this Court by the Defendant San Juan County Commissioners. On February 6, 2004, the United States filed its notice of substitution for Defendants John Begay, Jr., and Steven Nelson. This was granted without opposition. The Government now seeks dismissal of Counts II and III on the ground the Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") as required in 28 U.S.C. § 2675. Plaintiff responds that Begay and Nelson are sued as New Mexico peace officers and the actions in question were done under color of State, not federal, authority.

The basic test of a motion to dismiss is whether the complaint, with all the well pleaded material facts taken as true, and construed in the light most favorable to the Plaintiff, sets forth sufficient facts. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). A Rule 12(b)(6) motion should not be granted

3

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

In the present case, Plaintiff alleges a common law battery claim in Count II.  In Count III, Plaintiff alleged, "Defendants Nelson and Begay used the judicial process in a way that was not proper in the regular prosecution of the claim."  Based on the earlier allegations, this was clearly the prosecution in the McKinley County Court alleging violation of a New Mexico statute.

The Government argues since Begay and Nelson "were employees of the Navajo Nation carrying out the law enforcement services contract entered into by the Navajo Nation under the Indian Self-Determination and Education Assistance Act ("ISDEAA"), ... Congress expressly extended FTCA coverage to ISDEAA contract employees ...." (Memo. Supp. Mot. Dis. at 2).  However, FTCA coverage itself depends on whether a person to whom the Act might apply is acting in the official federal capacity the Act is designed to cover.  *Clamor v. United States*, 240 F.3d 1215 (9th Cir. 2001); *Provancial v. United States*, 454 F.2d 72 (8th Cir. 1972) (state officers acting under BIA deputization).  At this stage of the proceedings, Plaintiff's complaint must be read

liberally in favor of supporting the cause of action alleged. *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). Counts II and III of the complaint must therefore be read to state New Mexico law claims against Defendants acting under authority of New Mexico law to which no FTCA administrative prerequisites apply.

**O R D E R**

For the above stated reasons, Defendants' motion is DENIED.

DATED this 4th day of June, 2004.

_____
**BRUCE D. BLACK**
**United States District Judge**

For Plaintiff:

William G. Stripp, Ramah, NM

For Defendant:

David C. Iglesias, United States Attorney, John W. Zavitz, Assistant United States Attorney, Albuquerque, NM
Elizabeth L. German, Daniel J. Macke, BROWN & GERMAN, Albuquerque, NM
Randy S. Bertell, MONTGOMERY & ANDREWS, Santa Fe, NM